UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jason Kenneth Meyers,<br><br>Defendant. | Case No. 19-CR-304(2) (SRN/TNL)<br><br><br><br>**ORDER** |

SUSAN RICHARD NELSON, United States District Judge

    Before the Court is the January 2, 2025 Pro Se Letter Request from Defendant Jason Kenneth Meyers [Doc. No. 222].[1]  In his letter, Mr. Meyers requests a free copy of his sentencing transcript in order to "file a few motions."  (Def.'s Letter Request at 1.)

    Mr. Meyers fails to indicate the type of motion he intends to file or to provide any information about the type of issues he intends to raise.  The deadline for filing an appeal has passed.  *See* Fed R. App. P. 4(b).  A defendant in a federal criminal case is not automatically entitled to a free transcript for use in collateral proceedings.  Rather, "whether the [defendant] is entitled to a free transcript depends on whether he [has] satisfied the requirements of [28 U.S.C. §] 753(f)."  *Sistrunk v. United* States, 992 F.2d 258, 259 (10th Cir. 1993); *see also United States v. Losing*, 601 F.2d 351, 31–53 (8th Cir. 1979) (affirming denial of free transcript as premature and noting Supreme Court authority

---

[1] Mr. Meyers' Pro Se Motion for Compassionate Release from Custody is also currently pending before the Court.

under which a free transcript may be provided "only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case."). Under § 753(f), a person pursuing a claim under 28 U.S.C. § 2255 may be eligible for a free transcript "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); *see also id*. ("Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).").

Mr. Meyers has not identified the issues that he intends to raise, nor has he identified any specific need for the transcript or the type of motions he intends to file. Therefore, the Court cannot certify that those issues are not frivolous or that a transcript is necessary for resolving them. *See United States v. Williams*, No. 04-CR-0251(1) (ADM/AJB), 2009 WL 2766902, at *1 (D. Minn. Aug. 27, 2009) ("[I]t clearly appears that Defendant is seeking free transcripts and other materials simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, transcripts and related materials will not be provided free of charge for such purposes."). Accordingly, Mr. Meyers' Pro Se Letter Request [Doc. No. 222] is **DENIED**.

Dated: January 7, 2025    s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge