UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | No. 19-CR-304 (02) (SRN/TNL) |
| **Plaintiff,** | |
| v. | **ORDER ON MOTION FOR COMPASSIONATE RELEASE** |
| **Jason Kenneth Meyers,** | |
| **Defendant/Petitioner** | |

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101; Craig R. Baune and Thomas Hollenhorst, Office of the U.S. Attorney, 300 S. 4th St., Ste. 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Jason Kenneth Meyers, Reg. No. 22288-041, FCI Ray Brook, P.O. Box 900, Ray Brook, NY 12977, Pro Se Defendant/Petitioner

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Pro Se Motion for Compassionate Release from Custody ("Compassionate Release Motion") [Doc. No. 223] filed by Defendant/Petitioner Jason Kenneth Meyers. In this Motion, Mr. Meyers seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Mr. Meyers' motion [Doc. No. 230]. Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies the motion without prejudice.

I.   BACKGROUND

In November 2019, Mr. Meyers was charged with multiple narcotics offenses. (Indictment [Doc. No. 1].) He pleaded guilty to conspiracy to distribute 500 grams or

1

more of a methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  In July 2021, the Court sentenced Mr. Meyers to a 144-month term of imprisonment—a sentence below the advisory Sentencing Guidelines.  (Sentencing J. [Doc. No. 212] at 2.)  He is currently incarcerated at the Federal Correctional Institution in Ray Brook, New York, and has a projected release date of June 28, 2031.  *See* Federal Bureau of Prisons ("BOP"), *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed May 27, 2025).

Mr. Meyers seeks a reduction in sentence from 144 months to 120 months based on family circumstances and his rehabilitation in prison.  (Def.'s Comp. Release Mot. at 1–4.)  He states that his children's mother lost custody of their children, and the children currently live with their maternal grandparents, who are in declining health.  (*Id*. at 2.)

While incarcerated, Mr. Meyers has completed the non-residential RDAP program, completed numerous educational courses, including an 18-month trauma class, and has continuously attended AA/NA.  (*Id*. & Ex. 1 (Meyers' BOP Individualized Needs Plan).)  In addition, he has completed vocational training programs including welding, culinary arts, housekeeping/groundskeeping, and electrical training.  (Def.'s Comp. Release Mot. at 2 & Ex. 1.)  Finally, Mr. Meyers has obtained employment in prison as a trust fund clerk and has no recent disciplinary history.  (Def.'s Comp. Release Mot. at 2 & Ex. 1.)

In opposition, the Government argues that Mr. Meyers' Compassionate Release Motion should be denied without prejudice because Mr. Meyers has failed to exhaust his administrative remedies.  (Gov't's Opp'n at 5–8.)  Even on the merits, the Government contends that Mr. Meyers' family situation and rehabilitative accomplishments fail to

2

provide a basis for relief and that consideration of the sentencing factors under 18 U.S.C. § 3553 further weighs against granting Mr. Meyers' Compassionate Release Motion. (*Id.* at 5–9.)

## II.     DISCUSSION

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). A court may reduce a defendant's term of imprisonment if: (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission has provided guidance about compassionate release in the U.S. Sentencing Guidelines, § 1B1.13 (2024). It has identified certain extraordinary and compelling reasons for a sentence reduction, including: (1) the medical circumstances of the defendant; (2) the defendant's advanced age; (3) the defendant's family circumstances; or (4) the defendant being a victim of sexual abuse perpetrated by BOP staff. U.S.S.G. § 1B1.13(b)(1)–(4). In addition, a catch-all provision for "other reasons" permits courts to consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [noted above]" that "are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).

A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).

**A. Administrative Exhaustion**

As an initial matter, Mr. Meyers bears the burden of demonstrating that he brings his Compassionate Release Motion only after first exhausting his administrative remedies with the BOP—either through a direct denial of his request for compassionate release, or by the lapse of 30 days without a reply. *See* 18 U.S.C. § 3582(c)(1)(A). He has failed to submit any such documentation. Moreover, while it is not the Government's burden to do so, the Government attempted to independently locate such documentation without success. (Gov't's Opp'n at 5–6.)

While the Court liberally construes pro se filings, *see United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), a pro se movant must still comply with the applicable statutory requirements underlying their § 3582(c) motion, and must offer evidence of such compliance sufficient to meet their burden of proof. *See Ocanas*, 516 F. Supp.3d at 938 n.2 (finding that initially "there was no evidence in the record demonstrating that Ocanas had exhausted his administrative rights" but that he later "provided evidence that he petitioned the warden for compassionate release" without reply and that, "[t]herefore, the motion [was] properly before the Court."). On the record before the Court, Mr. Meyers has not met his burden on the matter of

4

administrative exhaustion. Therefore, the Court denies without prejudice his Compassionate Release Motion for failure to exhaust his administrative remedies.

### B. Extraordinary and Compelling Reasons

Even if Mr. Meyers had met his burden to demonstrate administrative exhaustion, his Compassionate Release Motion would still fail on the merits.

A defendant's family circumstances, in narrow instances, may constitute an extraordinary and compelling reason for compassionate release, alone, or in combination with other reasons. U.S.S.G. § 1B1.13(b). As relevant here, relief may be warranted by the "death or incapacitation of the caregiver of the defendant's minor child." *Id.* § 1B1.13(b)(3)(A). While the Court is sympathetic to Mr. Meyers' concerns about the declining health of his children's caregivers, he does not state that they are incapacitated, nor does he provide any evidence to support his claim, such as medical records, social services records, or birth certificates.[1] *See United States v. Collins*, Nos. 15-10188-EFM, 17-10061-EFM, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (stating that a prisoner must provide information and documentation showing the incapacitation of the caregiver, as well as verifiable documentation that the inmate is the parent of the child, and verifiable documentation providing the name and age of the child, and a release plan). Thus, even if Mr. Meyers had exhausted his administrative remedies, he could not meet the burden of establishing that his family circumstances warrant relief.

---

[1] The Government also asserts that even if Mr. Meyers' family circumstances were extraordinary and compelling under § 1B1.13(b)(3)(A), he would not be an appropriate caregiver because of his history of substance abuse. (Gov't's Opp'n at 7.)

5

Turning to his rehabilitation, while Mr. Meyers' rehabilitative efforts are admirable, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t). As noted above, even if Mr. Meyers had exhausted his administrative remedies, his argument based on family circumstances would fail, with only his rehabilitation argument remaining. Rehabilitation, standing alone, is an insufficient basis on which to grant relief, however. Accordingly, even if he had exhausted his administrative remedies, his rehabilitation claim would fail.

**C. Section 3553 Sentencing Factors**

Pursuant to the Sentencing Commission's policy statement, a court may reduce a term of imprisonment for an eligible defendant only after considering the sentencing factors set forth in 18 U.S.C. § 3553(a),[2] if applicable, and if the court determines that

---

[2] Pursuant to § 3553(a), and as relevant here, the sentencing court shall consider—

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

18 U.S.C. § 3553(a).

"the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).

Even if Mr. Meyers had exhausted his administrative remedies, consideration of the § 3553(a) factors would not weigh in favor of relief. His current sentence reflects the seriousness of the offense, as well as his own history and characteristics. He has a lengthy and concerning criminal history, and was not deterred by his prior sentences. The offense of conviction involved a significant amount of methamphetamine. Mr. Meyers' current sentence appropriately provides just punishment for the offense and affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(B). Thus, even assuming Mr. Meyers had exhausted his administrative remedies, consideration of the § 3553(a) factors would not favor granting the requested relief.

### III.   CONCLUSION

Accordingly, based on the foregoing and on all the files, records, and proceedings herein it is **HEREBY ORDERED THAT**:

1. The Pro Se Motion for Compassionate Release from Custody [Doc. No. 223] filed by Defendant/Petitioner Jason Kenneth Meyers is **DENIED without prejudice**.

Dated: May 27, 2025

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
